**Miss Hazel HOOD, Plaintiff,**

v.

**Miss Emma BURNETT et al., Defendants.**

**Civ. A. No. 14221.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 11, 1971.

G. Seals Aiken, John L. Respess, Jr., Atlanta, Ga., for plaintiff.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Alfred L. Evans, Jr., J. Lee Perry, Asst. Attys. Gen., Atlanta, Ga., for Peters, Rice, Jenkins. Hendricks, Wright, Hobbs, Stewart, Dewar, Kimsey and Preston.

Latimer, Haddon & Stanfield, Atlanta, Ga., for all other defendants.

### ORDER

MOYE, District Judge.

Plaintiff in the above stated case has filed a complaint pursuant to United States Code, Title 42, §§ 1983, 1985 and 1988 seeking an injunction, damages, etc., by reason of the alleged deprivation of plaintiff's rights and privileges as a citizen of the United States in that the defendants have allegedly wrongfully discharged her (on or about February 19, 1952) from her position as a teacher in the Atlanta Public School System and have subsequently withheld her position from her.

The defendants (some of whom are members of the Atlanta Board of Education, others of whom are members of the State Board of Education) have served and filed motions to dismiss based upon the res judicata effect of proceedings by plaintiff before the Atlanta Board of Education, the State Board of Education and the State Courts of Georgia.

Numerous and voluminous briefs in support of, and in opposition to, the motions to dismiss have been filed, and, subsequent to a hearing on December 21, 1970, the defendant members of the Board of Education of the City of Atlanta have filed and served a supplemental brief attaching as exhibits what purport to be copies of various proceedings before the Atlanta Board of Education, the Superior Court of Fulton County, and the Supreme Court of Georgia. In a further brief filed on January 28, 1971, the plaintiff, acknowledging receipt of the defendants' said supplemental brief, alleges that "some of the most important parts of said prior court pro-

ceedings * * *" have been omitted from the record which is now before the Court.

It appears to the Court that to consider the question of res judicata, it will have to construe the motions to dismiss for failure to state a claim, in support of which matters outside the pleadings have been presented to the Court, as motions for summary judgment under Rule 56 (Rules 12 and 56, Federal Rules of Civil Procedure). However, the record attached to the defendants' supplemental brief is neither certified, nor supported by appropriate affidavit, and, therefore, does not comply with the provisions under Rule 56(e). In addition, as noted above, there are questions as to the completeness of the record. In determining whether the prior proceedings are res judicata as to the issues involved here, the Court must determine exactly what was decided by the Georgia State Courts. That cannot be done on an incomplete record.

Consequently, the parties are directed to confer with each other prior to March 1, 1971, and submit to the Court on or before March 10, 1971, an agreed record of proceedings before the Atlanta Board of Education, the Georgia Board of Education and the Georgia State Courts, upon which the question of res judicata can be decided by this Court. It will not be necessary to duplicate the portions of the record already submitted with defendants' supplemental brief, but any additional matters necessary to a full understanding of what was decided in the State proceedings should be made a part of the record in this Court by appropriately certified or verified copies. The defendant members of the Atlanta Board of Education are granted until March 10, 1971, in which to file an appropriate affidavit authenticating the portions of the record accompanying their supplemental brief of January 11, 1971, or to furnish an appropriate certification thereof.